R. WARDELL LOVELAND (SBN 127736)
rloveland@hinshawlaw.com
HINSHAW & CULBERTSON LLP
50 California Street, Suite 2900
San Francisco, CA 94111
Telephone: 415-362-6000
Facsimile: 415-834-9070

MIN K. KANG (SBN 246904)
mkang@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for Plaintiff
EVANSTON INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>ENTERPRISE PLAN B, INC., LANCE BROWN, DIANE STEMBER RICHARDS, JAMES BROWN, ALEX BORJA, EUGENIA SERRANO BORJA, and DOES 1-20,<br><br>Defendants. | Case No. 5:24-cv-03329<br><br>**COMPLAINT OF EVANSTON INSURANCE COMPANY** |

**COMES NOW**, Plaintiff Evanston Insurance Company ("Evanston"), and for its Complaint against Defendants, by and through its undersigned counsel, Hinshaw & Culbertson LLP, hereby avers in support of its Complaint for Declaratory Judgment against the Defendants as follows:

## INTRODUCTION

1. Through this action, Evanston seeks a declaration that its policy does not provide insurance coverage to Defendants Enterprise Plan B, Inc. ("Enterprise"),

Lance Brown ("Lance"), Diane Stember Richards ("Richards") and/or James Brown ("James") (collectively, "Insured Defendants") in connection with the underlying lawsuit, captioned <u>Alexa Boria and Eugenia Serrano Boria v. James Richard Brown, et al.</u>, Case No. 17CV318915, consolidated with 18-cv-330071 and all related claims ("Underlying Action").

2. Evanston seeks a declaration that it had no duty to defend and/or indemnify or otherwise pay any settlement or judgment on behalf of any of the Insured Defendants under the commercial general liability insurance policy, policy no. 2CZ2288, with policy period of April 17, 2017 to October 17, 2017, issued by Evanston to Enterprise and Lance for the Underlying Action ("Evanston Policy"). A complete copy of the Evanston Policy is attached as **Exhibit A**.

3. The Evanston Policy has a $1,000,000 per occurrence policy limit.

## PARTIES

4. Evanston is an Illinois corporation with its principal place of business in Illinois.

5. Evanston is an approved surplus lines insurer, authorized to transact and transacts business in California as an insurance carrier.

6. Enterprise and Lance are named insureds on the Evanston Policy.

7. Enterprise is a California corporation with its principal place of business in San Jose, California.

8. Evanston is informed and believes, and thereon alleges, that Lance Brown is an individual that resides and is a citizen of California.

9. Evanston is informed and believes, and thereon alleges, that Diane Stember Richards is an individual that resides and is a citizen of California.

10. Evanston is informed and believes, and thereon alleges, that James Brown is an individual that resides and is a citizen of California.

11. Evanston is informed and believes, and thereon alleges, that Alexa Borja is an individual that resides and is a citizen of California.

12. Evanston is informed and believes, and thereon alleges, that Eugenia Serrano Borja is an individual that resides and is a citizen of California.

## JURISDICTION AND VENUE

13. There exists an actual and justiciable controversy between and among the parties concerning their respective rights and obligations under a certain policy of insurance with respect to the Underlying Action pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57.

14. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as this lawsuit concerns a judgment against Defendants Enterprise, Lance and Richards, totaling $77,699,667.29 in the Underlying Action.

15. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to Evanston's request for declaratory relief occurred in this district, one or more parties reside, maintain registered offices or conduct business in this district, and the Underlying Action was pending in a state court in this district.

## FACTUAL BACKGROUND

16. On July 1, 2017, James struck a vehicle operated by Alex Borja ("Alex").

17. In the complaint filed in the Underlying Action Alex and Eugenia Serrano Boria ("Eugenia") (collectively, "the Borjas") alleged that James, and John Does 1-10 are liable for the auto accident.

18. The complaint in the Underlying Action alleges that the auto accident took place on W. Alma at or near its intersection with W. Vine, San Jose, California.

19. According to the complaint filed by the Borjas, James and John Does 1 to 20 "each of them, so negligently owned, maintained, operated, serviced and repaired said vehicle, to have caused said vehicle to collide with a certain 1960 Chevrolet Impala" operated by Alex.

20. The Borjas amended their complaint on May 22, 2018, identifying the name of John Doe 1 as Voeks, Inc. dba Voeks Plumbing Company, Inc.

21. The Borjas amended their complaint on May 23, 2018 to identify the name of John Doe 2 as Enterprise Plan B Inc. dba Spruce & Pine.

22. The Borjas amended their complaint on May 24, 2018 to identify the name of John Doe 3 as Diane and John Doe 4 as Lance.

23. On August 8, 2018, the insurance broker for Enterprise and Lance provided notice of the Underlying Action to Evanston.

24. The August 8, 2018 notice, identified the insured as Enterprise and Lance.

25. Following an investigation, on August 28, 2018, Evanston disclaimed insurance coverage under the Evanston Policy for the Underlying Action.

26. By letter dated December 13, 2023, counsel for the Borjas stated that their injuries arose out of an auto accident caused by James. Counsel stated that James was a statutory employee of Enterprise and Lance, operating his auto in the scope of his employment with Enterprise and Lance.

27. On May 28, 2024, the Borjas obtained a judgment, totaling $77,699,667.29 against Enterprise, Lance and Richards, jointly and severally.

28. The May 28, 2024 Judgment against Enterprise, Lance and Richards was based on negligence and vicarious liability for the conduct of James Brown.

29. By letter dated May 30, 2024, the Borjas demanded Evanston pay the judgment in full, alleging it totaled $77,699,667.29. A copy of the May 30, 2024 demand letter is attached as **Exhibit B**.

## CAUSE OF ACTION I FOR DECLARATORY RELIEF
## (AUTO EXCLUSION)

30. Evanston incorporates the allegations of Paragraphs 1 – 29 as if set forth in full herein.

31. The Evanston Policy includes an endorsement entitled Exclusion – Unmanned Aircraft, which replaces Exclusion **2.g. Aircraft Auto or Watercraft**

**under Section I – Coverage A- Bodily Injury and Property Damage Liability** ("Auto Exclusion").

32. The Auto Exclusion precludes coverage in relevant part for:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft (other than **"unmanned aircraft"), "auto"** or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This Paragraph **g.(2)** applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft (other than "unmanned aircraft"), "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

*\*\*\**

33. At the time of the accident, James was an employee of Enterprise.

34. The Evanston Policy provides that employees of the named insured are also insureds "but only for acts within the scope of their employment by you [the named insured] or while performing duties related to the conduct of your [the named insured's] business."

35. Based on the foregoing, James was an insured under the Evanston Policy at the time of the auto accident.

36. As such, the auto exclusion precludes coverage to the Underlying Action as to any and all insureds for the auto accident and the Underlying Action.

37. Therefore, the Borjas are not entitled to payment under the Evanston Policy.

38. Therefore, the Insured Defendants are not entitled to payment under the Evanston Policy to indemnify them for the judgment at issue.

39. A genuine controversy exists amongst the parties hereto. The Borjas have sought full payment for the May 28, 2024 Judgment from Evanston. Evanston denies any obligation to pay indemnity to the Insured Defendants in connection with that judgment or any settlement based on the auto exclusion.

40. Evanston is entitled to have the Court decide the rights, duties, and obligations of Evanston under the Evanston Policy, and to have this Court render a judgment of declaratory relief regarding the parties' respective rights, duties and obligations, and whether there is coverage for auto accident in the Underlying Action under the terms of the Evanston Policy.

41. Plaintiff has no adequate remedy at law to resolve this controversy.

## CAUSE OF ACTION II FOR DECLARATORY RELIEF
## (DESIGNATED PREMISES OR PROJECT LIMITATION)

42. Evanston incorporates the allegations of Paragraphs 1 – 29 as if set forth in full herein.

43. The Evanston Policy includes a Designated Premises or Project Limitation Endorsement ("DPE").

44. The DPE limits coverage as follows, in relevant part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
> LIQUOR LIABILITY COVERAGE FORM
>
> **SCHEDULE**
> Designated Premises:
> Designated Project:

>   (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement)
>
>   **A.** With respect to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM only, this insurance applies only to "bodily injury," "property damage," "personal and advertising injury" and medical expenses arising out of:
>
>   **1.** The ownership, maintenance or use of the Designated Premises; or
>
>   **2.** The Designated Project; shown in the Schedule of this endorsement or in the Declarations.

45. The Declarations page identifies the insured's premises as: "1437 Weaver Dr., San Jose CA 95125."

46. According to the complaint in the Underlying Action, the accident took place "on W. Alma at or near its intersection with W. Vine, City of San Jose California[.]"

47. Based on the foregoing, pursuant to the terms of the DPE there is no coverage for the auto accident as it does not arise out of the ownership, maintenance or use of the Designated Premises Endorsement.

48. As such, the DPE precludes coverage to the Underlying Action as to any and all insureds for the auto accident and the Underlying Action.

49. Therefore, the Borjas are not entitled to payment under the Evanston Policy.

50. Therefore, the Insured Defendants are not entitled to payment under the Evanston Policy to indemnify them for the judgment at issue.

51. A genuine controversy exists amongst the parties hereto. The Borjas have sought full payment for the May 28, 2024 Judgment from Evanston. Evanston denies

any obligation to pay indemnity the Insured Defendants in connection with that judgment or any settlement based on the DPE.

52. Evanston is entitled to have the Court decide the rights, duties, and obligations of Evanston under the Evanston Policy, and to have this Court render a judgment of declaratory relief regarding the parties' respective rights, duties and obligations, and whether there is coverage for auto accident in the Underlying Action under the terms of the Evanston Policy.

53. Plaintiff has no adequate remedy at law to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a judicial declaration that there is no coverage for the auto accident and Underlying Action under the Evanston Policy based on the auto exclusion;

2. For a judicial declaration that there is no coverage for the auto accident and Underlying Action under the Evanston Policy based on the Designated Premises Endorsement;

3. Based on the policy provisions, Evanston owes no duty to pay all or any part of the May 28, 2024 Judgment;

4. For costs of suit incurred herein;

5. For attorney's fees; and

6. For such other and further relief as the Court may deem just and proper and as the interests of justice may require.

DATED: June 3, 2024                                HINSHAW & CULBERTSON LLP

                                                   By:  */s/ Min K. Kang*
                                                        R. WARDELL LOVELAND
                                                        MIN K. KANG
                                                        Attorneys for Plaintiff
                                                        EVANSTON INSURANCE COMPANY