United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVANSTON INSURANCE COMPANY,
Plaintiff,

v.

ENTERPRISE PLAN B, INC., and others,
Defendants.

Case No. 24-cv-03329-PCP (NC)

**ORDER RECOMMENDING ISSUANCE OF CONTEMPT CITATION TO JAMES BROWN**

Re: ECF 116, 133

The Court issued two orders compelling James Brown to submit for a deposition, or be subject to pay $5,000 for Evanston's attorneys' fees. ECF 102, 113. Brown has not been deposed, so has failed to comply with this Court's orders. For the reasons that follow, civil contempt proceedings are warranted. Accordingly, the undersigned hereby certifies facts regarding contempt to U.S. District Judge P. Casey Pitts, and orders Brown to show cause before Judge Pitts why he should not be held in contempt. The undersigned recommends Judge Pitts issue the $5,000 contempt citation unless Brown submits to a deposition within fourteen days of this order.

## I. CERTIFICATION PROCEDURE AND CONTEMPT STANDARDS

Magistrate judges must refer contempt proceedings to district judges. *See* 28 U.S.C. § 636(e). A magistrate judge may investigate whether further contempt proceedings are warranted and certify such facts to a district judge. 28 U.S.C. § 636(e); *see also Alcalde v.*

*NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). A magistrate judge may not, however, conduct a contempt hearing in a civil case absent consent jurisdiction. *See* 28 U.S.C. § 636(e). The Federal Magistrates Act establishes a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

Under this process, the magistrate judge functions to certify the facts and not to issue an order of contempt. *See id.*; *see also Bingman v. Ward*, 100 F.3d 653, 656–57 (9th Cir. 1996). By certifying facts under Section 636(e), the magistrate judge is simply attesting that further contempt proceedings are warranted. *See* 28 U.S.C. § 636(e); *Gomez v. Scoma's Inc.*, No. 94-cv-4452-VRW JSB, 1996 WL 723082, at *3 (N.D. Cal. Dec. 2, 1996). The certification of facts is typically included in an order to show cause why a contempt citation should not issue, which also provides notice of a date for the hearing. 28 U.S.C. § 636(e); *Alcalde*, 580 F. Supp. 2d at 971 (citing Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* at ¶ 11:2316). The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made. *See Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 907–08 (3d Cir. 1992) (holding that it was error for the district court not to conduct a de novo hearing after the magistrate judge issued a certification of contempt).

Where the relief sought in contempt proceedings involves compulsory and compensatory sanctions, including conditional confinement employed to compel compliance, then the proceeding is for civil contempt. *See Shillitani v. United States*, 384

U.S. 364, 369–70 (1966); *United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980). To find civil contempt, "the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995). A civil contempt finding does not require a willful violation. *Asay*, 614 F.2d 661; *see also United States v. Laurins*, 857 F.2d 529, 534 (9th Cir. 1988).

## II. CERTIFIED FACTS

The undersigned has carefully reviewed the record in this case and certifies the following facts pursuant to 28 U.S.C. § 636(e)(6)(B)(iii):

1. On December 16, 2025, the Court granted Evanston's motion to compel Brown's deposition by January 7, 2026. ECF 102.
2. On February 3, 2026, Plaintiff filed an application for an order to show cause why a contempt citation should not be issued to Brown for failing to appear at his deposition. ECF 116.
3. On April 1, 2026, the Court held a hearing on the contempt citation, which Brown did not attend.
4. Following the hearing, the Court ordered Brown to submit to a two-hour deposition by April 30, 2026, or he would be ordered to pay $5,000 for Evanston's attorneys' fees. ECF 133.
5. James did not submit to a deposition. ECF 137.

## III. FURTHER CONTEMPT PROCEEDINGS ARE WARRANTED

Based on the foregoing facts, the Court finds that further civil contempt proceedings are warranted. The Court's orders that Brown be deposed first by January 7, 2026, then by April 30, 2026, were specific and definite. *See* ECF 102, 113. Despite that fact, Brown failed to submit to a deposition by either date or appear at the contempt citation hearing to explain his failure. For these reasons, further civil contempt proceedings are warranted to ensure Brown's compliance with the Court's orders.

## IV. CONCLUSION

Accordingly, the Court orders as follows:

1. Brown is ordered to appear and show cause why he should not be found in contempt upon the facts this Court has certified;
2. This Order to Show Cause may be discharged if Brown submits to a two-hour deposition by August 10, 2026;
3. If the Order to Show Cause is not discharged, a contempt hearing will be held before Judge Pitts, on a date and time to be determined by him, to show cause why Brown should not be adjudged in contempt of the February 3, 2026, and April 1, 2026, orders by reason of the facts certified above; and
4. The Clerk of the Court shall serve a copy of this order on Brown at the following address: 1840 South 7th Street, Spc. 46, San Jose, California 95112.

**IT IS SO ORDERED.**

Dated: July 27, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge